Labauve, J.
The plaintiff filed this suit on the 25th April, 1866, in the Sixth District Court of New Orleans, claiming the sum of $4,000 on a note of the defendant, who is alleged to reside in this city.
The defendant excepted to the petition, on the ground that the said court had no jurisdiction; that he was not a resident of the parish of Orleans, but had his domicil and resided in the parish of Carroll.
The Court sustained the exception, dismissed the suit, and plaintiff appealed.
The citation and petition were served upon the defendant by the sheriff of New Orleans, on the 27th April, 1866. The sheriff states in his return, “ that he served the papers on G. C. Waddill, at his domicil, No. 220 St. Charles street, by leaving the same in the hands of Mrs. Waddill, who lives and resides at the said domicil. ”
This is prima facie evidence of domicil in New Orleans.
On the 5th day of June, 1866, the defendant purchased a piece of ground, with all the buildings and improvements thereon, situated in this city, for the price of $24,000.
In the notarial act of sale, it is declared that he was of the parish of Madison, in this State.
The testimony shows that the defendant was a planter, and resident in the parish of Madison for twenty years; that he was still trying to cultivate his plantation, and was there most of the winter himself; that country had been overflowed, and it was difficult to find habitation there; that he left his plantation in February or March, 1863; he then purchased a residence near Monroe, Jackson parish, La.; he was there about eight months; he then moved from Washita to Fechai, in De Soto parish, where he remained until the first or middle of August, 1865; from this place he came to New Orleans, bringing his family with him, and his family has been residing in the city during that time; that, as to the defendant, he has resided here one-third or one-half of that time. On leaving his plantation, defendant left on it a few hands, who cultivated it for themselves, and he carried away with him two-thirds of his hands.
It appears that the defendant has been residing in four or five different places, and the last one was in New Orleans, from the first or middle of August, 1865, where he was sued, and purchased valuable city property. It is clear that he had his domicil once in the parish of Madison; but he *247 came into court on the 8th May, 1866, and excepted to the jurisdiction of the court, on the ground that he had his domicil and residence in the parish of Carroll, thereby admitting that he had abandoned his former domicil in the parish of Madison. The question at issue then is: Is defendant’s domicil in the parish of Carroll, where he claims it, or in the city of New Orleans, where he resides with his family, since the 1st or middle of August, 1865? Nothing shows that the defendant ever resided in the parish of Carroll, nor has he proved that he acquired a domicil any where else, except in Madison parish; but which, as we have seen, he has abandoned by pleading domicil in the parish of Carroll. The presumption is, that the defendant was domiciled in New Orleans, and we are of opinion that the onus probandi was on him to rebut it. 9 R. 213. 15 A. 533. 1 A. 79. 17 A. 61.
It is therefore ordered and decreed, that the judgment appealed from be annulled and avoided. It is further ordered and decreed, that the exception to the jurisdiction of the court below be overruled and set aside; that the case be remanded to be tried according to law, and that the defendant and appellee pay costs of appeal.